# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVANDIS CARTER, Jr., <br><br> Petitioner, <br><br> v. <br><br> WILLLIAM GORE, et al., <br><br> Respondents. | Case No.: 3:21-cv-414-JLS-AHG <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner Levandis Carter Jr., proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). He has paid the $5.00 filing fee.

## **BASIS FOR PETITION**

It appears from the Petition that Petitioner is currently in custody in the San Diego County Jail awaiting trial. (*Id.* at 1; *see also San Diego Sherriff Who's in Jail*, San Diego County Sheriff's Department, https://apps.sdsheriff.net/wij/wij.aspx (last visited March 18, 2021).) Thus, 28 U.S.C. § 2241, and not 28 U.S.C. § 2254, is the proper vehicle for Petitioner to challenge his detention because Petitioner is not currently in custody pursuant to a state court judgment. As the Ninth Circuit has stated:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority

> found in § 2241 as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction."

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original).

Accordingly, if Petitioner seeks to challenge the constitutionality of his pre-trial detention, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

## **ABSTENTION**

Further, the Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45–46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (holding *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. Petitioner's criminal case is ongoing in the state courts. (*See San Diego Sherriff Who's in Jail*, San Diego County Sheriff's Department, https://apps.sdsheriff.net/wij/wij.aspx (last visited March 18, 2021).) Further,

there is no question that the state criminal proceedings involve important state interests. Finally, there is no evidence that Petitioner will not be afforded an adequate opportunity to raise his claims at his trial and on direct appeal, and abstention is therefore required. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (holding *Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.").

Accordingly, because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, his Petition must be **DISMISSED** without prejudice. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

**IT IS SO ORDERED.**

Dated: March 18, 2021

Hon. Janis L. Sammartino
United States District Judge